IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                    Crim. No. 18-3413 KG

DAIN JUSTIN ADAMS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the United States' Notice of Intent to Introduce Evidence Pursuant to Federal Rules of Evidence 414 and 404(b), (Doc. 134), filed December 2, 2019, and the United States' Motion *in Limine* to Introduce Evidence Pursuant to Fed. R. Evid. 414 or 404(b), (Doc. 136), filed December 9, 2019. Defendant Dain Justin Adams filed a response to the Motion on December 17, 2019, (Doc. 152), and the Court heard counsel's argument regarding the evidence at the pretrial conference held January 9, 2020, (Doc. 176) (Clerk's Minutes). Having considered the Motion *in Limine* to Introduce Evidence Pursuant to Fed. R. Evid. 414 or 404(b), (Doc 136), Defendant's response, applicable law, the evidence, and the argument of counsel at the pretrial conference, the Court grants the Motion *in Limine*, as set forth below. Further, the Court orders the United States, after conferring with Defendant, to submit a limiting jury instruction as set forth below.

    *I.*    *Background*

Defendant is charged with: (1) one count of Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2256; (2) one count of Conspiracy to Produce Visual Depictions of Minors Engaged in Sexually

Explicit Conduct, in violation of 18 U.S.C. §§ 2251(a), (e), and 2256; (3) one count of Receipt of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252A(a)(2), (b)(1), and 2256; (4) one count of Travel With the Intent to Commit Aggravated Sexual Abuse, in violation of 18 U.S.C. § 2241(c); and (5)-(6) two counts of Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252A(a)(2), (b)(1), and 2256. (Doc. 154). These charges stem from an investigation into Defendant's alleged sharing of child pornography on peer-to-peer software in May 2018. Pursuant to that investigation, law enforcement officers obtained a search warrant for Defendant's residence, where they seized a computer that the United States alleges belonged to Defendant and contained multiple videos and images of child pornography. (Doc. 134) at 1. Law enforcement officers also seized from Defendant's residence a cellphone belonging to Co-Defendant Laurezo, who was Defendant's girlfriend. *Id.* On the cellphone, law enforcement officers found a video of Co-Defendant performing oral sex on a four-year-old and an extensive chat history on a messaging application between Co-Defendant and Defendant from June 2017 to June 2018. *Id.* at 2. These chats explicitly discuss Co-Defendant and Defendant's sexual interest in children, a desire to sexually abuse children in Roswell, New Mexico, and plans to film their abuse. *Id.*

II.    Discussion

The United States seeks to introduce evidence pursuant to Federal Rules of Evidence 414 and 404(b) of other acts by Defendant that have not been charged. (Docs. 134 and 136). Specifically, the United States seeks to introduce: (1) testimony and exhibits relating to statements made by Defendant that he molested a minor; (2) evidence demonstrating that Defendant uploaded three files containing child pornography to his Gmail account; (3) evidence

that Defendant distributed additional, uncharged images and videos of child pornography to Co-Defendant; (4) evidence that Defendant possessed a USB flash drive containing child pornography; (5) Defendant's computer searches for child pornography and information relating to child pornography; and (6) evidence that Defendant distributed obscene visual representations of the sexual abuse of non-real minors and pictures of young girls in sexually suggestive poses or who are nude. (Doc. 134) at 4-7; (Doc. 136) at 7-29.

*A. Admissibility of Evidence Under Rule 414*

The Federal Rules of Evidence generally prohibit "the admission of evidence for the purpose of showing a defendant's propensity to commit bad acts." *United States v. Benally*, 500 F.3d 1085, 1089 (10th Cir. 2007); *see* Fed. R. Evid. 404(b). However, "Rule 414 provides an exception, applicable in criminal child-molestation cases (including child pornography cases), to the general prohibition of evidence regarding the defendant's propensity to commit crimes or other bad acts." *United States v. Mercer*, 653 Fed. Appx. 622, 625-26 (10th Cir. 2016). Rule 414 states: "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). Rule 414 is designed to "supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b)" and to create a presumption that "evidence admissible pursuant to the proposed rules is typically relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice or other adverse effects." *United States v. Tolbert*, 2019 WL 2893846, *5 (D.N.M.) (quoting 140 Cong. Rec. H8991-92 (daily ed. Aug. 21, 1994) (remarks of principal House sponsor, Rep. Molinari)). Accordingly, Rule 414 is designed to allow evidence to prove propensity in certain types of cases. *See Benally*, 500 F.3d at 1093 ("Evidence of other similar

crimes involving sexual assault and child molestation was determined by Congress to be probative of a defendant's propensity to commit such crimes.").

For evidence of a prior act of child molestation to be admissible under Rule 414, the trial court must determine whether: (1) the defendant is accused of an offense of child molestation; (2) the evidence is of the defendant's commission of another offense of child molestation; and (3) the evidence is relevant. *Id.* at 1090. Courts are to "liberally admit evidence of prior uncharged sex offenses." *Id.* However, a court must still conduct a Rule 403 balancing test and exclude the evidence "if its probative value is substantially outweighed by a danger of unfair prejudice." *United States v. Mann*, 193 F.3d 1172, 1173 (10th Cir. 1999). When conducting the Rule 403 balancing test on Rule 414 evidence, a district court should consider the following factors: (1) how clearly the prior act has been proven; (2) how probative the evidence is of the material fact it is admitted to prove (specifically the similarity, closeness in time, and frequency of the prior act, and the need for evidence beyond the testimony of the defendant and the alleged victim); (3) how seriously disputed the material fact is; and (4) whether the government can avail itself of any less prejudicial evidence. *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998); *United States v. Sturm*, 673 F.3d 1274 (10th Cir. 2012). In addition, when analyzing the probative dangers, a court considers: (1) how likely it is such evidence will contribute to an improperly-based jury verdict; (2) the extent to which such evidence will distract the jury from the central issues of the trial; and (3) how time consuming it will be to prove the prior conduct. *Enjady*, 134 F.3d at 1433.

### 1. *Defendant is Accused of an Offense of Child Molestation*

The first prong under Rule 414 requires that Defendant is accused of an offense of child molestation, which is defined, in part, as any conduct prohibited by 18 U.S.C. chapters 109A or

4

110. Rule 414(d)(2)(B). The crimes with which Defendant is accused in this case are included in 18 U.S.C. chapters 109A and 110, so Defendant is accused of an offense of child molestation and satisfies the first *Benally* factor.

### 2. *Evidence is of Commission of Another Offense of Child Molestation*

Next, the Court must determine whether the proffered evidence demonstrates that Defendant has committed another offense of child molestation as defined by Rule 414. The proffered evidence of Defendant's alleged molestation of a minor is a violation of 18 U.S.C. § 2241(c) "Aggravated Sexual Abuse of a Child," which is included in 18 U.S.C. chapter 109A. As for evidence regarding Defendant uploading of child pornography to his Gmail account, distributing additional images and videos of child pornography to Co-Defendant, and possessing a USB flash drive containing child pornography, each of these acts is a crime under 18 U.S.C. chapter 110. However, evidence of Defendant's computer searches for child pornography and information relating to child pornography, and of Defendant distributing images that are not necessarily child pornography, does not constitute evidence of an offense of child molestation.[1] As such, these two categories of evidence do not satisfy the second prong of the test for admitting evidence under Rule 414.

### 3. *Evidence is Relevant*

Next, the Court must determine whether the proffered evidence is relevant. Each of the crimes with which Defendant is charged requires the United States to prove that it was committed knowingly. Evidence that Defendant previously sexually abused a child and that he possessed and distributed additional images of child pornography is relevant to Defendant's

---

[1] At the January 9, 2020, pretrial conference, counsel for the United States explained the computer searches and images that do not constitute child pornography are being offered under Rule 404(b), not Rule 414.

knowledge, intent, and motive regarding the charges in this case because it shows Defendant had a sexual interest in children and in obtaining child pornography. The images are also relevant as to the likelihood that Defendant solicited or received any images of child pornography by mistake or by accident. Similarly, the chats in which Defendant expresses a sexual interest in children demonstrate an intent and motive for possessing such images and Defendant's knowledge that these images are sexually explicit. The chats also rebut a defense of mistake or accident. Moreover, the proffered evidence shows Defendant's propensity to commit the charged crimes. *See United States v. Guardia*, 135 F.3d 1326, 1328 (10th Cir. 1998) ("A defendant with a propensity to commit acts similar to the charged crime is more likely to have committed the charged crime than another. Evidence of such a propensity is therefore relevant."). For these reasons, the Court finds the evidence is relevant to show Defendant's knowledge, intent, motive, and propensity to commit the charged crimes and to argue Defendant did not commit the crimes by mistake or by accident.

    4. *Rule 403* Enjady *Factors*

        a. Clearly Proven

With respect to the first *Enjady* factor, the Court must make a preliminary finding that "a jury could reasonably find by a preponderance of the evidence that the 'other act' occurred." *Enjady*, 134 F.3d at 1433. Defendant argues that this evidence "is a fantasy shared between two consenting adults" and "[p]eople cannot be convicted of thought crimes alone." (Doc. 152) at 2. The Tenth Circuit has explained that admission of evidence under Rule 414 does not require a prior conviction and that detailed evidence of the uncharged acts can be sufficient to conclude the acts occurred. *See United States v. Magnan*, 756 Fed. Appx. 807, 821 (10th Cir. 2018) (upholding district court's admission of uncharged acts of sexual abuse because "detailed

6

testimony regarding the sexual abuse" was sufficient to satisfy first *Enjady* factor). Here, the evidence that Defendant molested a minor is supported by Defendant's detailed admission and the context in which it was made. On November 6, 2017, Defendant told Co-Defendant he had molested a child while she was sleeping, including graphic details of how Defendant gained access to the child, what Defendant did to her, how long the episode lasted, and how the child reacted. (Doc. 134) at 4-5; (Doc. 136) at 7-8, 10-11. Defendant made these statements in an end-to-end encrypted chat application, telling Co-Defendant she knew "more about [him] than anyone ever has or ever will." (Doc. 136) at 11. In addition, Defendant sent Co-Defendant a photograph of the girl stating that she lived in California. *Id.*

Defendant also argues that the United States has not established that Defendant's use of the word "Lily" to describe the girl meant that he was describing a young girl between the ages of 3 and 4. (Doc. 152) at 2. However, the evidence shows that during the same time period in which Defendant told Co-Defendant about molesting a "Lily," he also sent Co-Defendant numerous messages discussing sexually abusing young girls, numerous images and videos of young girls, and the picture Defendant sent of the girl he said he abused shows a child who appears to be around 5 or 6 years old. In addition, Defendant argues the United States does not seek to prove the prior molestation by testimony from the alleged victim. (Doc. 152) at 3. However, Defendant stated to Co-Defendant that he was alone with the child, the child "never woke up and never knew," and Defendant never told anyone about the incident. (Doc. 136) at 8. Based on the foregoing, the Court finds a jury could reasonably find by a preponderance of the evidence that Defendant sexually abused a minor.

As for the evidence of Defendant uploading child pornography to his Gmail account, the United States presented evidence including subscriber information showing Defendant's name

7

and phone number associated with the account and evidence from Defendant's computer showing the same Gmail address. (Doc. 136) at 13. The United States also provided evidence that Defendant sent additional images of child pornography to Co-Defendant through the Viber chat application and that they discussed the child pornography in their chats. *Id.* at 13-15. Finally, the United States asserted that Co-Defendant will testify that she and Defendant watched child pornography from a USB thumb drive and that she destroyed the thumb drive. *Id.* at 15. The Court finds this evidence is sufficient for a jury to reasonably find by a preponderance of the evidence that these other acts occurred.

### b. *Probative Value*

When assessing the probative value of the evidence, the Tenth Circuit has instructed that the court should consider "the similarity of the prior acts to the acts charged, the closeness in time of the prior acts to the charged acts, the frequency of the prior acts, the presence or lack of intervening events, and the need for evidence beyond the testimony of the defendant and alleged victim." *Guardia*, 135 F.3d at 1331 (citations omitted).

As previously discussed, the proffered evidence is highly probative of showing Defendant's motive, knowledge, intent, and identity as the person committing the charged crimes. The prior acts evidence is also substantially similar to the charged crimes and is not unreasonably remote in time from the charged conduct. Indeed, the uncharged possession and distribution of child pornography evidence relates to the same time period as the charged conduct, which took place from 2012 to 2018. As for the alleged prior molestation, it is not clear when this took place because Defendant states only that it happened "years ago." (Doc. 136) at 7. Nevertheless, Defendant states he molested the child when he and his ex-wife were babysitting her, indicating it happened when Defendant was an adult, and Defendant shared a

8

photograph of the girl with Co-Defendant in which the girl looks to be no older than 5 or 6 years old. *Id.* Therefore, the Court finds the proffered evidence is not unreasonably remote in time from the charged conduct in this case. *See, e.g., Benally*, 500 F.3d at 1091 (finding time lapse of 35 years did not negate the probative value of testimony about prior acts); *United States v. Meacham*, 115 F.3d 1488, 1492 (10th Cir. 1997) ("No time limit is imposed on the uncharged offenses for which evidence may be admitted; as a practical matter, evidence of other sex offenses by the defendant is often probative and properly admitted, notwithstanding very substantial lapses of time in relation to the charged offense or offenses.") (quoting Fed. R. Evid. 413 Historical Notes); *but see United States v. McHorse*, 179 F.3d 889, 899-901 (10th Cir. 1999) (upholding district court's admission of uncharged acts evidence that took place several years prior to the charged conduct and exclusion of one uncharged act as too remote because it took place more than 20 years prior to the charged acts). While the uncharged acts arguably are not frequent enough for this factor to weigh in favor of admission, the Court is not aware of any intervening events that would undermine the probative value of the evidence. In addition, the Court agrees there will not be a need for extensive evidence to prove the uncharged acts as there is no need for additional witnesses that are not already being called to testify. In sum, the Court finds that the probative value of the evidence weighs in favor of admission.

### c. Seriously Disputed

The third *Enjady* factor is "how seriously disputed the material fact is." *Enjady*, 134 F.3d at 1433; *Sturm*, 673 F.3d at 1286 ("The more seriously disputed the material fact, the more heavily this factor weighs in favor of admissibility."). Here, the United States presumes Defendant will argue he was not the person who committed the charged offenses or was not serious about what he texted to Co-Defendant. (Doc. 136) at 22. These defenses weigh in favor

of admission of the evidence. *See Mercer*, 653 Fed. Appx. at 628 (finding defendant's vigorous denial of the allegations and their implications weighed in favor of admission of Rule 414 evidence); *Magnan*, 756 Fed. Appx. at 822 (finding defendant's denial that he had the propensity to commit child sexual abuse "weighs in favor of admission").

### d. Less Prejudicial Evidence

The final *Enjady* factor is "whether the government can avail itself of any less prejudicial evidence." *Enjady*, 134 F.3d at 1433. The United States here asserts it cannot "sanitize" the evidence at issue or use any less prejudicial evidence. (Doc. 136) at 22. The Court finds this factor also weighs in favor of admission of the evidence.

### e. Probative Dangers

The Court must also weigh the above factors against how likely the evidence will contribute to an improperly-based jury verdict and distract the jury from the central issues of the trial, and how time consuming it will be to prove the prior conduct. *Enjady*, 134 F.3d at 1433. The Court finds little likelihood of an improperly-based jury verdict because evidence of the alleged molestation is based on Defendant's own statements and the uncharged possession and distribution conduct is based on the testimony of witnesses whom Defendant will have the opportunity to cross examine. Similarly, the Court finds it unlikely the evidence will distract the jury from the central issues of the trial because the issues of Defendant's knowledge, intent, and motive are central to the case and this evidence bears directly on those questions. Moreover, any prejudice or distraction can be minimized through use of an appropriate jury instruction, and the parties are permitted to question potential jurors during voir dire as to their willingness to follow the law and the Court's instructions. *See Mercer*, 653 Fed. Appx. at 625, 629 (noting jurors are presumed to have followed the court's Rule 414 limiting instruction that the testimony could be

considered for its bearing on any matter to which it was relevant, but was not sufficient in itself to prove guilt on the charges); *United States v. Chaco*, 520 Fed. Appx. 694, 696 (10th Cir. 2013) (noting with approval district judge's assessment that with "an appropriate jury instruction … the chance that the proffered evidence will contribute to an improperly based verdict is significantly reduced") (citation omitted). Finally, because there will only be a need for minimal evidence to demonstrate the alleged conduct, it should not take a great deal of time to prove the uncharged acts.

For the reasons stated above, the Court concludes that the probative value of the proffered evidence is not substantially outweighed by the danger of unfair prejudice. Therefore, the Court finds that evidence relating to the following uncharged acts is admissible under Rule 414: (1) testimony and exhibits relating to statements made by Defendant that he molested a minor; (2) evidence demonstrating that Defendant uploaded three files containing child pornography to his Gmail account; (3) evidence that Defendant distributed additional, uncharged images and videos of child pornography to Co-Defendant; and (4) evidence that Defendant possessed a USB flash drive containing child pornography.

### B. *Admissibility of Evidence Under Rule 404(b)*

In the alternative, the United States asks the Court to admit the evidence of uncharged acts under Rule 404(b). (Doc. 136) at 23-29. Rule 404(b) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* Admission of evidence pursuant to Rule 404(b) requires a finding that: (1) the evidence of other crimes,

11

wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the court must make a Rule 403 determination as to whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, must instruct the jury that the evidence of similar acts is to be considered only for the limited purpose for which it was admitted. *United States v. Diaz*, 679 F.3d 1183, 1190 (10th Cir. 2012).

Evidence is offered for a proper purpose if it tends to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2)). As stated above, the proffered evidence tends to prove Defendant's identity, motive, knowledge, intent, absence of mistake, and lack of accident, regarding the charged crimes. The Court finds this is true for the evidence of computer searches and distribution of obscene images as well because that evidence shows Defendant had a sexual interest in children and in obtaining child pornography and that he knew the images were sexually explicit.[2]

The Court also finds the proffered evidence is relevant under Rule 404(b) for the same reasons as stated above. *See United States v. Cardinas Garcia*, 596 F.3d 788, 797-98 (10th Cir. 2010) ("To determine relevance under Rule 404(b), [courts] must examine factors such as the similarity of the uncharged act to the charged conduct and the temporal proximity of the … acts."). The computer searches and obscene images are similar to the charged acts because they involve child pornography. Moreover, the searches are from 2012 and the distribution of the

---

[2] Defense counsel stated at the January 9, 2020, pretrial conference that some of the computer searches the United States seeks to admit are for legal counsel or legal representation. Counsel for the United States stated he does not intend to introduce any evidence regarding Defendant seeking legal counsel, and the exhibit submitted by the United States does not document any such searches. *See* Exhibit 110. The Court denies admission of any evidence regarding Defendant's search for legal representation.

obscene images is from 2018, so the evidence is within the time period of the charged conduct. As for the Rule 403 determination, the Court finds the evidence has a high probative value for the reasons stated above as it gives insight into Defendant's knowledge and intent and tends to rebut his defenses. While there is some danger of unfair prejudice due to potential emotional reactions of the jurors, that danger does not substantially outweigh the evidence's probative value. Moreover, in order to reduce any unfair prejudice to Defendant, the Court will give the jury an appropriate limiting instruction on the use of the evidence. *See Huddleston v. United States*, 485 U.S. 681, 691 (1988) (explaining that protection against unfair prejudice from Rule 404(b) evidence emanates from requirements that it must be offered for a proper purpose and be relevant, the court's Rule 403 assessment, and providing limiting jury instruction). Therefore, the Court finds the proffered evidence is admissible under Rule 404(b).

### III. *Conclusion*

For the reasons stated above, the following evidence is admissible under Rules 414 and 404(b) for any matter to which it is relevant, including Defendant's propensity to commit the acts charged: (1) testimony and exhibits relating to statements made by Defendant that he molested a minor (including Exhibit 44); (2) evidence demonstrating that Defendant uploaded three files containing child pornography to his Gmail account; (3) evidence that Defendant distributed additional, uncharged images and videos of child pornography to Co-Defendant; and (4) evidence that Defendant possessed a USB flash drive containing child pornography. Evidence regarding Defendant's computer searches for child pornography and information relating to child pornography, and evidence that Defendant distributed obscene visual representations of the sexual abuse of non-real minors and pictures of young girls in sexually suggestive poses or who are nude, is admissible under Rule 404(b) to show intent, knowledge, motive, and absence or

13

mistake or accident. Even though the Court has found this evidence is admissible, it is still subject to exclusion from trial if the Court finds it is cumulative or not supported by proper authentication or foundation.

IT IS ORDERED that the United States' Motion *in Limine* to Introduce Evidence Pursuant to Fed. R. Evid. 414 or 404(b), (Doc. 136), is granted.

_____
UNITED STATES DISTRICT JUDGE